UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT RUSEK,

      Plaintiff,

v.                                                                          Case No. 8:24-cv-2849-SPF

DEPARTMENT OF HOMELAND SECURITY;
KRISTI NOEM, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,

      Defendants.

_____/

## ORDER

Before the Court is Defendant United States Department of Homeland Security and the Secretary of the Department of Homeland Security's Motion to Dismiss (Doc. 8) and *pro se* Plaintiff Robert Rusek's Response. (Doc. 10). Upon consideration, Defendants' motion is granted.

## I.    BACKGROUND

Plaintiff, Robert Rusek, filed this action on December 12, 2024. (Doc. 1). Plaintiff sues Defendants, Department of Homeland Security ("DHS"), and Kristi Noem,[1] Secretary, Department of Homeland Security, for seven different counts including: "discrimination, retaliation, harassment, and distress" in violation of (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), (2) Florida Civil Rights Act of 1992 ("FCRA"), (3) the Civil Rights Act of 1866, (4) the Whistleblower Protection Act ("WPA"), (5) the Due Process Clauses of the Fifth

---

[1] This case was originally filed against Alejandro N. Mayorkas, Secretary, Department of Homeland Security in Addition to the Department of Homeland Security. Kristi Noem has since been sworn in as Secretary. Therefore, Secretary Noem has been automatically substituted for Secretary Mayorkas under Federal Rule of Civil Procedure 25(d).

and Fourteenth Amendments, (6) the Federal Tort Claims Act ("FTCA"), and (7) the Hatch Act. (*Id.* at 1, 7-11). Plaintiff seeks an undisclosed amount of compensatory damages, including, but not limited to, lost wages and benefits, damages for emotional distress, punitive damages, and costs and non-taxable expenses. (*Id.* at 12).

Plaintiff was employed as an asylum officer with the DHS, United States Citizenship and Immigration Services (USCIS) for nine months from 2022-2023. (*Id.* at 2). He alleges that during this time he was harassed by his supervisor Nancy Aguirre,[2] and when Plaintiff reported this to the DHS, they retaliated by unjustly discharging him. (*Id.*). Plaintiff claims this harassment by Ms. Aguirre included "political and racial apathy toward [him] and her bias toward [him] because of [his] perceived conservative, Republican political leanings." (*Id.* at 4). Plaintiff claims this also led to Ms. Aguirre asking Mr. Rusek to make decisions on asylum cases based on her "partisan political ideology," which Plaintiff refused to do, and therefore was punished by Ms. Aguirre. (*Id.*). Following these events, Plaintiff filed a complaint with the deputy director of the DHS, but never received a response until he was later terminated. (*Id.* at 6).

Plaintiff previously filed an EEO complaint alleging that the USCIS subjected Plaintiff to "harassment based on race (white), sex (male), and reprisal (prior EEO activity) when, from March 23, to March 30, 2023, an Acting Supervisory Asylum Officer sent him an email with cases processing feedback based on her political ideology instead of case law, made offensive comments at social events, and sent an unprofessional, unethical and offensive email to him." (*Id.* at 16). In addition, Plaintiff alleged USCIS discriminated against him based on race, sex and reprisal, "when on April 17, 2023, her was terminated from his federal

---

[2] Formerly Nancy Frankl.

service position during his probationary period." (*Id.*). . On September 11, the DHS's Office for Civil Rights and Civil Liberties ("CRCL") issued the final order implementing the Equal Employment Opportunity Commission's ("EEOC") Administrative Judge's decision. (*Id.*). This decision found that Plaintiff failed to prove he was discriminated against as alleged. (*Id.*) Plaintiff was notified of his right to appeal to the EEOC or to file a civil action in an appropriate United States District Court within 90 days after receipt.[3] (*Id.*).

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. To withstand a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court assumes all well-pleaded factual allegations as true and evaluates all plausible inferences derived from those facts in favor of the plaintiff. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (internal citation omitted). However, mere legal conclusions are not entitled to the assumption of truth. *Ashcroft*, 556 U.S. at 678. "Though we liberally construe pleadings from *pro se* litigants, that a litigant opts to represent themselves *pro se* does not excuse their noncompliance with procedural rules." *Sarhan v. Miami Dade Coll.*, 800 F. Appx. 769, 771 (11th Cir. 2020).

---

[3] Plaintiff filed this Complaint on December 12, 2024, which is within 90 days of receipt of the Final Order. (Doc. 1).

### A. Shotgun Pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10(b) of the Federal Rules of Civil Procedure requires a party to state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, and "each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense" when doing so promotes clarity. Fed. R. Civ. P. 10(b). Complaints that violate either of these rules "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). A "shotgun pleading" does not refer to individual counts within a complaint, but rather the complaint as a whole. Therefore, whenever a complaint is considered a "shotgun pleading," the complaint should be dismissed as a whole.

The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Courts should allow a litigant one chance to remedy deficiencies in non-merit dismissals on shotgun

pleading grounds, even if the parties do not request it. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).[4]

Here, the Plaintiff combines claims for retaliation and discrimination on the basis of sex and race under Title VII into Count I. A complaint that contains separate claims in one count is a shotgun pleading and is impermissible under Rule 10(b)(2) of the Federal Rules of Civil Procedure. *See Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) (noting that shotgun pleadings lump claims together in one count); *see also Kennedy v. Bell S. Telecomm., Inc. (AT&T)*, 546 F. App'x 817, 818, 820 (11th Cir. 2013) (recognizing a "one-claim-per-count rule" under Fed. R. Civ. P. 10(b)). Additionally, Plaintiff begins all of the following counts (Counts II-VII) by stating that "Mr. Russek realleges the foregoing paragraphs as though fully set forth herein." (Doc. 1 at 7-11). A complaint that contains multiple counts, each adopting the allegations of the previous count, is another form of shotgun pleading. *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 770-771 (11th Cir. 2020). The Complaint is an impermissible shotgun pleading and, therefore, must be dismissed.

### B. Count II – Florida Civil Rights Act of 1992

Defendants argue that Count II should be dismissed because a federal employee's exclusive remedy for employment discrimination lies with Title VII, not the FCRA. (Doc. 8 at 3). The Court agrees with Defendants. *See Canino v. U.S. Equal Employment Opportunity Commission,* 707 F.2d 468, 472 (11th Cir.1983)) (noting that FCRA would not apply to a federal employee claiming employment discrimination); *Silva v. Potter*, No. 804-cv-2542-T-17EAJ, 2006 WL 3060040, at *5 (M.D. Fla. Oct. 26, 2006) ("A federal employee's exclusive

---

[4] The Court notes that here Plaintiff did request leave to amend his Complaint under Federal Rule of Civil Procedure 15(a)(1)(B) within his Response.

judicial remedy for a claim of employment discrimination lies with Section 717 of Title VII of the 1964 Civil Rights Act . . . ."); *see also Hernandez v. Equal Emp. Opportunity Comm'n*, No. 20-22721-CIV, 2021 WL 1062230, at * 4 (S.D. Fla. Mar. 19, 2021) (dismissing with prejudice plaintiffs' causes of action for retaliation under the FCRA when plaintiff was a federal employee).

Here, Plaintiff alleges that he was "employed as an asylum officer with the Department of Homeland [Security] ("DHS"), United States Citizenship and Immigration Services ("USCIS")" and that Defendant DHS is a "U.S. Government Agency." (Doc. 1 at 2). As a result, Plaintiff's exclusive judicial remedy for employment discrimination and retaliation is under Title VII and not the FCRA.  Count II is dismissed with prejudice.

### C. Count III  – Civil Rights Act of 1866 Section 1981

Defendants argue that Count III should be dismissed because 42 U.S.C. § 1981 establishes specific equal rights and protects those rights "against impairment by nongovernmental discrimination or impairment under color of State law." (Doc. 8 at 4). Discrimination by federal agencies does not qualify as "nongovernmental" discrimination or discrimination "under color of State law." (*Id.*). Plaintiff argues that retaliation claims are allowed under section 1981 even when the discriminatory act was taken by the federal government. (Doc. 10 at 3). This Court agrees with Defendants because section 1981 claims apply only to violations under color of state law, and Plaintiff's complained about actions were under color of federal law. *See Osahar v. Postmaster General of U.S. Postal Service*, 263 F. App'x 753, 763 (11th Cir. 2008) (citing *Lee v. Hughes*, 245 F.3d 1272, 1277 & n. 5 (11th Cir. 1998) (reemphasizing that Title VII is the exclusive remedy for federal employees alleging

employment discrimination and retaliation claims)). Therefore, Count III is dismissed with prejudice.

### E. Count V – Fifth and Fourteenth Amendments

In Count V, Plaintiff asserts that he was discharged "without any prior warnings, any notice, and without a hearing," in a violation of the "Due Process Clause of the Fifth Amendment and Fourteenth Amendment" (Doc. 1 at 10). In limited circumstances, the Supreme Court has recognized an implied cause of action to remedy a constitutional violation. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). A *Bivens* action, however, is only permitted where 1) the petitioner has no alternative means of obtaining redress, and 2) there are no "special factors counseling hesitation." *Id.* at 396-97. The Eleventh Circuit has "recognized that the comprehensive statutory scheme established by Congress relating to federal employment [Civil Service Reform Act of 1978] (CSRA) precludes the maintenance of job-related *Bivens* actions by federal employees" *Lee v. Hughes*, 145 F.3d 1272, 1275 (11th Cir. 1998) *quoting Stephens v. Dep't of Health & Hum. Servs.*, 901 F.2d 1571, 1577 (11th Cir. 1990). This is true even where the CSRA "does not provide administrative or judicial review of the adverse personnel action." *Id.* at 1275.

Moreover, "the Fourteenth Amendment applies only to states and state actors, not the federal government." *Pinson v. Rumsfeld*, 192 F. App'x 811, 821 (11th Cir. 2006). And even if it did apply to the federal government, the Supreme Court has not recognized a *Bivens* claim arising under the Fourteenth Amendment. *Montalban v. Samuels*, No. 21-11431, 2022 WL 4362800, at *4 (11th Cir. Sept. 21, 2022). Accordingly, Count V is dismissed with prejudice.

7

### F. Count VII – Federal Tort Claims Act

Defendants argue that Count VII[5] should be dismissed because Plaintiff failed to exhaust his administrative remedies before suing under the FTCA. (Doc. 8 at 6). Plaintiff argues that he had until April 17, 2025, to submit a claim to a federal agency and that because he has multiple claims in his Complaint, it would be a waste of judicial resources to wait for an agency ruling on this matter and refile it separately later. (Doc. 10 at 6).

It is well settled that sovereign immunity bars suit against the United States except to the extent that it consents to be sued. *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999). "The FTCA is a specific, congressional exception to the United States' sovereign immunity for tort claims, under which the government may be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (internal quotations omitted). As a prerequisite to filing suit, a claim must first be presented to the appropriate Federal agency and denied[6] in writing by the agency. 28 U.S.C. § 2675(a). Because Plaintiff failed to comply with this prerequisite, Count VI is dismissed without prejudice.

### G. Count VIII – The Hatch Act

In Court VIII, Plaintiff pleads a cause of action under 5 U.S.C. §§ 7321-7326 ("Hatch Act"). (Doc. 1 at 11). The Hatch Act prohibits civil-service employees in the executive branch of the federal government from engaging in certain forms of political activity. The

---

[5] There is no Count VI in the Complaint.
[6] "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a)

government, however, has exclusive enforcement authority over Hatch Act violations. *Komatsu v. City of New York*, No. 20 CIV. 7046 (ER), 2021 WL 3038498, at \*14 (S.D.N.Y. July 16, 2021). "Thus, it is well established that the Hatch Act does not provide a private cause of action for relief." *Ostrowski v. D'Andrea*, No. 3:14-CV-00429, 2017 WL 4020435, at \*4 (M.D. Pa. Aug. 10, 2017), report and recommendation adopted, No. 3:14-CV-0429, 2017 WL 4015654 (M.D. Pa. Sept. 12, 2017); *see Hall v. Clinton*, 285 F.3d 74, 83 (D.C. Cir. 2002) (noting that the Hatch Act does not provide a private cause of action). As a result, Count VIII is dismissed with prejudice.

Accordingly, it is hereby

**ORDERED**:

1. Defendant United States Department of Homeland Security and the Secretary of the Department of Homeland Security's Motion to Dismiss (Doc. 8) is **GRANTED** as follows:

   a. Counts II, III, V, and VIII are **DISMISSED WITH PREJUDICE**;

   b. Counts I, IV, and VII are **DISMISSED WITHOUT PREJUDICE**;

2. Plaintiff may file an amended complaint within 21 days of this Order; and

3. The failure to timely file an amended complaint will result in a dismissal with prejudice.

**ORDERED** in Tampa, Florida, on February 19, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

9