UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT RUSEK,

Plaintiff,

v. Case No. 8:24-cv-2849-SPF

DEPARTMENT OF HOMELAND SECURITY;
KRISTI NOEM, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY,

Defendants.
_______________________________________/

# ORDER

Before the Court is Defendant United States Department of Homeland Security and the Secretary of the Department of Homeland Security's Motion to Dismiss Amended Complaint (Doc. 24) and pro se Plaintiff Robert Rusek's Response. (Doc. 25). Upon consideration, Defendants' motion is denied.

## I. BACKGROUND

Plaintiff, Robert Rusek, filed this action on December 10, 2024. (Doc. 1). On February 19, 2026, the Court granted Defendants' motion to dismiss Plaintiff's original Complaint. (Doc. 22). The Court dismissed Plaintiff's claims under the Florida Civil Rights Act, 42 U.S.C. § 1981, the Fifth and Fourteenth Amendments, and the Hatch Act with prejudice. (*Id.* at 5-9). The Court dismissed Plaintiff's Title VII, Whistleblower Protection Act ("WPA"), and Federal Tort Claims Act ("FTCA") without prejudice and permitted Plaintiff to file an amended complaint within twenty-one days. (*Id.* at 9).

Plaintiff timely filed his Amended Complaint on March 11, 2026 (Doc. 23). Plaintiff now asserts three claims against the Department of Homeland Security ("DHS"), and Kristi Noem,[1] Secretary of DHS: race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") (Count I), sex discrimination under Title VII (Count II), and violation of the WPA (Count III). (*Id.* at 6-8). Plaintiff seeks compensatory damages for lost wages, lost benefits, and emotional distress, punitive damages, costs and non-taxable expenses, and any other equitable and just relief the Court deems appropriate. (*Id.* at 9).

Plaintiff was employed as an asylum officer with the DHS, United States Citizenship and Immigration Services (USCIS) for nine months starting on July 17, 2022, in its Tampa Asylum Office (*Id.* at 2). Plaintiff was responsible for adjudicating asylum applications and conducting credible and reasonable fear screenings. (*Id.*). In early 2023, Plaintiff was assigned to temporary supervisor Nancy Aguirre.[2] (*Id.*)

Plaintiff alleges that during this time he was harassed by his supervisor Nancy Aguirre, and when Plaintiff reported this to the DHS, they retaliated by unjustly discharging him. (Doc. 1 at 2). Plaintiff claims this harassment by Ms. Aguirre included "political and racial apathy toward [him] and her bias toward [him] because of [his] perceived conservative, Republican political leanings." (*Id.* at 4). Plaintiff claims this also led Ms. Aguirre to ask Mr. Rusek to make decisions on asylum cases based on her "partisan political ideology," which Plaintiff refused to do, and therefore was punished by Ms. Aguirre. (*Id.*). Following these events, Plaintiff filed a

[1] This case was originally filed against Alejandro N. Mayorkas, Secretary, Department of Homeland Security in Addition to the Department of Homeland Security. Kristi Noem has since been sworn in as Secretary. Therefore, Secretary Noem has been automatically substituted for Secretary Mayorkas under Federal Rule of Civil Procedure 25(d).

[2] Formerly Nancy Frankl.

complaint with the DHS deputy director but never received a response until he was later terminated. (*Id.* at 6).

Plaintiff previously filed an EEO complaint alleging that the USCIS subjected Plaintiff to "harassment based on race (white), sex (male), and reprisal (prior EEO activity) when, from March 23, to March 30, 2023, an Acting Supervisory Asylum Officer sent him an email with cases processing feedback based on her political ideology instead of case law, made offensive comments at social events, and sent an unprofessional, unethical and offensive email to him." (*Id.* at 16). In addition, Plaintiff alleged USCIS discriminated against him based on race, sex and reprisal, "when on April 17, 2023, he was terminated from his federal service position during his probationary period." (*Id.*). On September 11, the DHS's Office for Civil Rights and Civil Liberties ("CRCL") issued the final order implementing the Equal Employment Opportunity Commission's ("EEOC") Administrative Judge's decision. (*Id.*). This decision found that Plaintiff failed to prove he was discriminated against as alleged. (*Id.*) Plaintiff was notified of his right to appeal to the EEOC or to file a civil action in an appropriate United States District Court within 90 days after receipt.[3] (*Id.*).

Defendants move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 24). Defendants argue that the Amended Complaint remains an impermissible shotgun pleading because it contains lengthy and conclusory factual allegations and fails to identify which factual allegations support each of Plaintiff's three claims. (*Id.* at 1, 3–5).

---

[3] Plaintiff filed this Complaint on December 12, 2024, which is within 90 days of receipt of the Final Order. (Doc. 1).

## II. DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. To withstand a Rule 12(b)(6) motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court assumes all well-pleaded factual allegations as true and evaluates all plausible inferences derived from those facts in favor of the plaintiff. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (internal citation omitted). However, mere legal conclusions are not entitled to the assumption of truth. *Ashcroft*, 556 U.S. at 678. "Though we liberally construe pleadings from pro se litigants, that a litigant opts to represent themselves *pro se* does not excuse their noncompliance with procedural rules." *Sarhan v. Miami Dade Coll.*, 800 F. Appx. 769, 771 (11th Cir. 2020); *Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir. 1992) (stating that "pleadings of pro se complainants are treated with special care" because "[t]his circuit and the Supreme Court have stated that pro se complaints are given more leeway than complaints submitted by litigants represented by lawyers").

### A. Shotgun Pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10(b) of the Federal Rules of Civil Procedure requires a party to state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, and provides that "each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense" when doing so promotes clarity. Fed. R. Civ.

P. 10(b). Complaints that violate either of these rules "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. (*Id.* at 1321-23). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."(*Id.* at 1323).

The Amended Complaint is not a model of precision, but it does not constitute a shotgun pleading. First, Plaintiff corrected the defects expressly identified in the Court's prior Order. The Amended Complaint no longer incorporates each preceding count into every successive count. It also places race discrimination, sex discrimination, and the alleged WPA violation in three separately labeled counts. (Doc. 23 at 6-8). Thus, unlike the original Complaint, the Amended Complaint does not cause each successive court to become a combination of all preceding counts and claims.

Defendants claim the second category of shotgun pleading. *Weiland*, 792 F.3d at 1321-23. They argue that the Amended Complaint remains an impermissible shotgun pleading because the factual allegations contain lengthy paragraphs, conclusory assertions, undated communications, and unspecified statements. (Doc. 24 at 3-5). There are some conclusive claims

made by the Plaintiff. For instance, without naming each speech or interaction, Plaintiff alleges that there were "numerous examples" of statements that showed Aguirre's bias and that pressure to adopt Aguirre's political ideas was a "constant theme." (Doc. 23 at 3). However, the Amended Complaint as a whole is not an unlawful shotgun pleading due to the existence of some conclusive accusations.

The factual allegations provide an identifiable chronology. Plaintiff identifies Aguirre, Garcia Cay, and Director Brett Lassen, details communications with Aguirre regarding his asylum decisions, names work-sponsored gatherings where allegedly discriminatory remarks were made, details the complaint he filed with Garcia Cay, and states that Lassen fired him on April 17, 2023. (*Id.* at 2-6). Additionally, Plaintiff alleges that management took the word of a Hispanic female over that of a white male and terminated him after he reported conduct that he believed constituted a violation of law, gross mismanagement, and an abuse of authority. (*Id.* at 6). These claims allow the defendants to understand that Counts I and II deal with purportedly discriminatory supervision and termination based on race and sex, while Count II relates to Plaintiff's report of Aguirre's behavior and his subsequent firing.

This case therefore is different from cases involving extensive factual allegations where the relationship between the multiple causes of action cannot be reasonably determined. *See Barmapov v. Amuial*, 986 F.3d 1321, 1325-27 (11th Cir. 2021) (affirming dismissal of a ninety-two page complaint that incorporated 249 factual paragraphs into multiple counts and left the defendants unable to determine the grounds supporting each claim). Here, alternatively, the Amended Complaint consists of ten pages, six numbered factual paragraphs, and three counts arising from the same brief period of employment.

Defendants also object that Counts I and II refer generally to discrimination "as described above." (Doc. 23 at 7). However, where each claim's factual foundation is still apparent,

referencing a common factual part does not inevitably result in a shotgun pleading. *See Weiland*, 792 F.3d at 1324-25 (reversing a shotgun pleading dismissal where the counts incorporated a common factual section because identifying the facts supporting the claims did not materially increase the burden of understanding the complaint); *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1208 (11th Cir. 2019) (declining to dismiss a pro se complaint despite incorporation of preceding allegations and unnecessary length because the complaint adequately identified the claims and their supporting grounds).

Although Counts I and II refer to harassment, a hostile work environment, and discharge, each count clearly identifies the protected characteristic on which it is based. Whatever uncertainty may remain concerning the precise scope of Plaintiff's Title VII theories does not make it "virtually impossible" to determine the factual allegations supporting the counts. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that dismissal under Rules 8 and 10 is appropriate when "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief" (emphasis added)).

Count II also states that Defendants acted in disregard of Plaintiff's rights under the Florida Civil Rights Act even though the count is titled as a Title VII sex-discrimination claim. (Doc. 23 at 7). The Court interprets the isolated reference as a drafting error because the Plaintiff's Florida Civil Rights Act claim was previously dismissed with prejudice and because Title VII is specifically identified in Count II's headline and statutory citation. *See Pinson*, 942 F.3d at 1208–09 (declining to impose the shotgun pleading sanction where the pro se complaint, despite drafting deficiencies, adequately notified the defendant of the asserted claims).

Defendants request dismissal of the Amended Complaint as a whole on shotgun pleading grounds. (Doc. 24 at 3-5). Although Defendants cite Rule 12(b)(6), *Twombly*, and *Iqbal*, they do not identify an element missing from any particular count or otherwise develop a claim-specific

challenge to the substantive sufficiency of Plaintiff's claims. The Court declines to construct such arguments on Defendants' behalf. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (stating that "district courts cannot concoct or resurrect arguments neither made nor advanced by the parties"). The Court limits its review to the shotgun pleading issue presented and expresses no opinion on whether any count individually establishes a claim upon which relief may be granted.

The Amended Complaint provides Defendants adequate notice of the claims asserted against them and the grounds upon which those claims rest. Accordingly, dismissal as a shotgun pleading is not warranted.

Accordingly, it is hereby

**ORDERED:**

1. Defendant United States Department of Homeland Security and the Secretary of the Department of Homeland Security's Motion to Dismiss Amended Complaint (Doc. 24) is **DENIED.**

2. Defendants shall answer Plaintiff's Amended Complaint within fourteen days of this Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

**ORDERED** in Tampa, Florida, on November 20, 2026.



SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE